**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SOUTHWEST FOUR WHEEL DRIVE
ASSOCIATION, a New Mexico nonprofit
association, and LAS CRUCES FOUR
WHEEL DRIVE CLUB, a New Mexico
unincorporated association,

        Plaintiffs,

vs.                 No. CV00-799SC/DJS-ACE

BUREAU OF LAND MANAGEMENT,
an agency of the United States Department of
the Interior, and AMY LEUDERS, District Manager,
Las Cruces District, Bureau of Land Management,

        Defendants,

and

THE WILDERNESS SOCIETY and
NEW MEXICO WILDERNESS ALLIANCE,

        Proposed-Intervenors.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on The Wilderness Society and the New Mexico Wilderness Alliance's Motion to Intervene, filed October 12, 2000 [Doc. No. 13], as amended by their Corrected Motion to Intervene, filed October 20, 2000 [Doc. No. 17].[1]  The Court, having read the pleadings and being apprised of the

---

[1] Plaintiffs' response was filed October 30, 2000, and the Proposed-Intervenors' reply was filed November 13, 2000.

applicable law, concludes that the motion is well-taken.

## I.  BACKGROUND

Plaintiffs filed a petition for judicial review of Defendants' administrative decision to close certain alleged public roads within the Las Cruces District of the Bureau of Land Management, specifically the Robledo Mountains Wilderness Study Area (Robledo Mountains WSA).  Plaintiffs' contention, inter alia, is that such closure by Defendants was contrary to R.S. 2477 (43 U.S.C. § 932), now repealed.  The Wilderness Society and the New Mexico Wilderness Alliance (collectively, TWS or Proposed-Intervenors) seek to intervene as defendants, both as of right and permissively, see Fed.R.Civ.P. 24(a), (b).  While Defendants do not object to such intervention by TWS, Plaintiffs do.

## II.  DISCUSSION

The Tenth Circuit "has tended to follow a somewhat liberal line in allowing intervention."  National Farm Lines v. Interstate Commerce Comm'n, 564 F.2d 381, 384 (10th Cir. 1977).  Intervention as a matter of right pursuant to Rule 24(a)(2) should be granted when a timely motion to intervene demonstrates that (1) the intervenor has an interest in the property or transaction that is the subject matter of the action; (2) the interest might be impaired or impeded absent intervention; and (3) the existing parties will not adequately represent the interest.  See Fed.R.Civ.P. 24(a)(2); Coalition of Arizona/New Mexico Counties for Stable Econ. Growth v. Department of the Interior, 100 F.3d 837, 840 (10th Cir. 1996).  Plaintiffs contend that TWS has failed to meet any of these requirements.

2

**A. Timeliness**

"The trial court must determine timeliness in light of all of the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." Sanguine, Ltd. v. United States Dep't of the Interior, 736 F.2d 1416, 1418 (10th Cir. 1984) (internal citation omitted). In February 1998, Defendants approved a final Plan and published a notice in the Federal Register regarding the "road" closure decision(s) at issue in this action. The effective date of the "road" closures referenced in the Federal Register notice was February 18, 1998. Plaintiffs filed their petition on June 2, 2000. TWS filed its motion to intervene on October 12, 2000. TWS does not provide in its motion when it became aware of Plaintiffs' petition. TWS states it filed its motion as soon as it could obtain counsel experienced with the laws at issue to review the facts and determine whether intervention as defendants was appropriate. TWS argues that none of the existing parties will suffer prejudice as a result of its intervention, as it agrees to abide by any deadlines agreed to by the existing parties and/or set by the Court. Furthermore, TWS states that it intends to raise its jurisdictional arguments with the merits of the case and not within a motion to dismiss. Although an earlier filing by TWS of its motion to intervene would have been preferred, I conclude that the motion is timely. The case is sufficiently undeveloped, that any prejudice to Plaintiffs should be minimal.

**B. Sufficient Interest in Subject Matter**

TWS must show that it has "an interest relating to the property or transaction

which is the subject of the action." Fed.R.Civ.P. 24(a)(2). "[T]he interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." Coalition, 100 F.3d at 839 (internal quotation marks omitted). The Tenth Circuit requires that the interest "be direct, substantial, and legally protectable." Id. at 840 (internal quotation marks omitted). The determination is highly fact-specific. See id. at 841.

TWS contends its interests in this action arise from its long-standing (and future) recreational and aesthetic interests in the Robledo Mountains WSA, including hiking, camping, viewing wildlife, and other activities by its members; a strong interest in preserving the integrity of the Robledo Mountains WSA for use by its members; and a strong interest in preserving the integrity of the Robledo Mountains WSA for eventual wilderness designation by Congress. Additionally, TWS states that not only has its two groups advocated for more environmentally protective management of off-highway vehicles (OHVs) on public land, but members of its two groups actively participated in Defendant BLM's decision to close the "roads" at issue in this case.[2] Finally, TWS asserts that it has an interest in preventing what it views as Plaintiffs' incorrect interpretation of R.S. 2477 from becoming precedent.

Plaintiffs sole challenge regarding the "interest in subject matter" requirement is that TWS has not established such an interest by direct evidence. Plaintiffs contend that

---

[2] TWS disagrees with Plaintiffs that roads are at issue, much less public roads.

mere allegations by counsel are insufficient. In its reply, TWS cites to two documents in the Administrative Record and attaches as exhibits two declarations, one from a member of The Wilderness Society and the other from a member of the New Mexico Wilderness Alliance.

Plaintiffs' argument that mere allegations are insufficient to satisfy Rule 24(a)(2) is founded on their contention that Article III's standing requirements apply to Rule 24(a) interventions and, thus, a party is obliged to submit affidavits and documents establishing standing. Plaintiffs cite no Tenth Circuit or Supreme Court law to support the proposition that prospective Rule 24 intervenors must meet the requirements of Article III. In fact, the Tenth Circuit has distinguished between Article III's standing requirements and the requirements of Rule 24(a). See Coalition,100 F.3d at 842 (citing with approval Yniguez v. Arizona, 939 F.2d 727, 735 (9th Cir. 1991), for proposition that Article III standing requirements are more stringent than those required for intervention under Rule 24(a)). See generally Ruiz v. Estelle, 161 F.3d 814, 830-32 (5th Cir. 1998) (discussion of split in circuits and absence of Supreme Court holding on issue). Furthermore, the Administrative Record documents cited in TWS' reply and the two declarations attached to TWS' reply support TWS' allegations that it and/or its members visit or use the land in question, have an interest in the BLM's decision, and have an interest in the overall issue of OHV use on public lands. Cf. Coalition, 100 F.3d at 841, 842, 843 (economic interest not necessary; involvement with and aesthetic interest in animal and persistent record of advocacy for its protection is sufficient interest for purposes of Rule 24(a)(2)). I

conclude, therefore, that under the facts of this case TWS meets the interest test.

**C.  Impairment of Interest**

Plaintiffs contend that TWS has failed to meet the impairment test because a stare decisis effect of a judgment is insufficient impairment and because TWS has failed to substantiate its allegations of impairment with direct evidence.  Plaintiffs' second argument duplicates their argument regarding the interest test and fails for the same reasons.  Turning to Plaintiffs' first argument, impairment or impediment of an applicant's ability to protect its interest "need not be of a strictly legal nature," Coalition, 100 F.3d at 844 (internal quotation marks omitted).  Any significant legal effect may be sufficient.  See id.  Thus, contrary to the contention of Plaintiffs, "the stare decisis effect of [a] district court's judgment is sufficient impairment for intervention under Rule 24(a)(2)."  Id.  Moreover, the practical impairment requirement for intervention is closely tied to the interest asserted by the applicant.  See Natural Res. Def. Council, Inc. v. United States Nuclear Regulatory Comm'n, 578 F.2d 1341, 1345 (10th Cir. 1978).  Clearly, if TWS is not allowed to intervene, its ability to protect its interest in the Robledo Mountains WSA and in R.S. 2477 law would be impaired.  I conclude, therefore, that TWS meets the impairment test for intervention.

**D.  Inadequate Representation by Existing Parties**

Plaintiffs contend that TWS' interests are adequately represented by Defendants, as both TWS and Defendants are seeking the same relief – the affirmance of Defendants' decision and the continued closure of "roads" in the Robledo Mountains WSA.  TWS

6

disagrees.

"The possibility of divergence of interest need not be great in order to satisfy the burden of the applicants" on the issue of inadequacy of representation by existing parties. Coalition, 100 F.3d at 845 (internal quotations and alteration omitted).  Even if the overall interests of TWS and Defendants were identical, TWS "has shown circumstances that could make [Defendants'] representation inadequate, thereby overcoming any presumption of adequate representation."  Wyoming Outfitters Assoc. v. Wyoming Game and Fish Comm'n, No. 98-8088, 1999 WL 626141 at *__ n.2 (10th Cir. Aug. 19, 1999) (unpublished disposition).  TWS and the BLM could differ on the terms of any possible settlement and they may differ on the import and scope of R.S. 2477 in defending Defendants' "road" closure decision.  Furthermore, Defendants' representation of TWS' interests may be inadequate based on the BLM's obligation to represent the broad public interest, which might differ from the specific interests of TWS.  See Coalition, 100 F.3d at 845; National Farm Lines, 564 F.2d at 384.  Finally, it appears from Plaintiffs' petition and exhibits that the BLM may not be as staunch a supporter of closing "roads" to OHVs as TWS, making it less of an ally of TWS.  I agree with TWS that there is sufficient possibility of a divergence between the interests of Defendants and it.  Therefore, I conclude that TWS has made the minimal showing necessary to suggest that Defendants' representation may be inadequate.

In sum, I conclude that TWS meets the requirements for intervention as a matter of right under Rule 24(a)(2).  Having so concluded, I need not reach the issue of whether

TWS should be allowed to intervene permissively under Rule 24(b).

Any scheduling changes to the September 25, 2000, Scheduling Order that are required to allow TWS to comment (through supplementation, objection, or related motion) on the Administrative Record, to participate in the briefing, or to otherwise participate as a party, will be left to the Magistrate Judge and the parties.

**IT IS THEREFORE ORDERED** that The Wilderness Society and the New Mexico Wilderness Alliance's Motion to Intervene, filed October 12, 2000 [Doc. No. 13], as amended by their Corrected Motion to Intervene, filed October 20, 2000 [Doc. No. 17], is hereby GRANTED.

**IT IS FURTHER ORDERED** that the Proposed Answer attached to the motion to intervene is hereby deemed filed this date as the Answer of these parties.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:  Lee E. Peters, HUBERT & HERNANDEZ, P.A., Las Cruces, N.M.

Counsel for Defendants:  John W. Zavitz, U.S. ATTORNEY'S OFFICE, Albuquerque, N.M.

Counsel for Proposed-Intervenors:  David L. Plotsky, Albuquerque, N.M., and Robert B. Wiygul, EARTHJUSTICE LEGAL DEFENSE FUND, INC., Denver, Co.