UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SOUTHWEST FOUR WHEEL DRIVE
ASSOCIATION, a New Mexico nonprofit
association, and LAS CRUCES FOUR
WHEEL DRIVE CLUB, a New Mexico
unincorporated association,
                        Plaintiffs,

v.                                                         CIV No. 00-799 LH/ACT-ACE

BUREAU OF LAND MANAGEMENT,
an agency of the United States Department
of the Interior, AMY LEUDERS, District
Manager, Las Cruces District, Bureau of
Land Management, and THE UNITED
STATES OF AMERICA,
                        Defendants,

THE WILDERNESS SOCIETY and
NEW MEXICO WILDERNESS
ASSOCIATION,
                        Intervenors.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court for consideration of Plaintiffs' Motion to Alter or Amend Memorandum Opinion and Order of Dismissal and Final Judgment of March 19, 2003, and Memorandum in Support (Docket No. 84).  The Court, having considered the motion and briefs of the parties, concludes that the motion is not well-taken and shall be **denied**.

At the outset, the Court notes that this motion was not timely filed under Rule 59.  It was filed

with the Court on April 2, 2003, 14 days after this Court's entry of its Memorandum Opinion and Order of Dismissal and the corresponding Final Judgment. Rule 59(e) specifies that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." FED.R.CIV.P. 59(e). Rule 59 provides no exception to the 10 day rule.

The Court notes that Rule 6(e) extends a party's time for acting by 3 days if the relevant time period is to begin upon service by mail. Because Rule 59(e) requires filing and not service, no later than 10 days after entry of judgment, this three day service by mail extension does not apply. Consequently, Plaintiffs' motion was filed four days late. Because this motion was not filed in time for consideration under Rule 59(e), the Court will examine it under Rule 60(b). *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997). *See also Hatfield v. Bd. County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995) (if the motion is filed more than ten days after the entry of judgment, it is considered to be a motion seeking relief from the judgment under FED.R.CIV.P. 60(b)).

Rule 60 contains six possible grounds for relief. None of the first five grounds applies. Only the sixth category, "any other reason justifying relief from the operation of the judgment", is a possibility. Its potential applicability will be evaluated by the Court. This "catch-all" category is reserved for extraordinary circumstances and is used sparingly. *Coltec Indus., Inc. v. Hobgood,* 280 F.3d 262, 273 (3d Cir. 2002).

In its Memorandum Opinion and Order, this Court concluded that the 1980 Bureau of Land Management ("BLM") determination that the Robeldo Mountains Wilderness Study Area ("WSA") was roadless, and the 1983 decision of the Interior Board of Land Appeals ("IBLA") on appeal of that determination each triggered the 12 year statute of limitations in the Quet Title Act ("QTA"),

28 U.S. C. § 2409a(g).  This Court dismissed the case, based on a lack of jurisdiction and on its conclusion that it is time barred by the Quiet Title Act ("QTA").

Plaintiffs argue that this Court's conclusions are "erroneous as a matter of law because of a definitional distinction created by the BLM." (Pltfs' Mot. at 3.)  Plaintiffs contend that Defendants "lured the Court into serious error by failing to disclose to the Court that 'roadless' does not mean the absence of all roads but means only the absence of paved and graded roads." (Pltfs' Mot. at 6). They argue that this Court erred in its conclusion that notice of the WSA designation in the Federal Register provided adequate notice to Plaintiffs (Pltfs' Mot. at 10).  Further, Plaintiffs at least imply that this Court erred by not mentioning, or indeed, following, the "[o]nly one other federal court in the nation [that] has dealt with the issue that this Court has found dispositive." (Pltfs' Mot. at 12).

The Court has read Plaintiffs' motion quite carefully and finds nothing to compel reconsideration of the conclusions it has reached in this case.  Dealing with the last argument first, this Court points out that it is in no way bound by the reasoning of a Utah district court case.  In their other arguments, Plaintiffs basically revisit, albeit in somewhat different forms, the same arguments and issues already addressed and dismissed by this Court.   This is not the purpose of a motion to reconsider, and certainly relief under the more stringently applied Rule 60(b)(6) is not warranted. Similarly, advancing new arguments or supporting facts that were previously available for presentation is likewise inappropriate.

I agree with Defendants that Plaintiffs' motion is nothing more than a rehashing of arguments that were squarely before this Court in the prior briefing.

**WHEREFORE,** for the reasons stated herein Plaintiffs' Motion to Alter or Amend Memorandum Opinion and Order of Dismissal and Final Judgment of March 19, 2003 (Docket No.

3

84) is **denied.**

      **IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**